UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EULEX SAMPSON FRASER,

                Plaintiff,

-against-

JENNIFER WALTERS,

                Defendant.

------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-2077 (CBA)

AMON, Chief United States District Judge.

    Plaintiff, proceeding pro se, filed the instant complaint on April 27, 2011, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and dismisses the complaint.

## Background

    Plaintiff alleges that she was the owner of a house located on East 104th Street in Brooklyn, New York

> and because she had ran into financial hardship, the real estate broker introduced her to the defendant Jennifer Walters who agreed to buy the new mortgage, pay off the existing loan and split the proceeds 80%-20% after the sale. However, after the transaction and the new deed and title was recorded, the defendant Jennifer Walters did not honor the expressed and implied agreement; nor did she give the 80% percentage from the proceeds to the plaintiff in order to put away one year escrow for the mortgage to prevent the current foreclosure action.

(Compl. ¶ III.) Plaintiff is apparently still living in the house on East 104th Street and is paying rent to defendant, who now owns the house.

    On March 25, 2011, plaintiff initiated a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York. See In re Eulex Sampson Fraser, 1-

11-42405-cec.

Although the instant complaint is not at all times clear, plaintiff alleges that, as a result of the bankruptcy proceeding, an automatic stay is in place that prevents defendant from evicting plaintiff from the East 104th street house. She alleges that, notwithstanding the stay, a housing court judge has ordered defendant to serve the city marshal with a notice to evict plaintiff in violation of 11 U.S.C. § 362. (Compl. ¶ II.)

The complaint purports to allege three causes of action against defendant. First, it alleges "fraud and unjust enrichment." Second, it alleges a violation of New York's Home Equity Theft Prevention Act of 2007. Third, it alleges that "plaintiff has raised a signific[ant] cause of action which warrant[s] relief to be granted herein."

By way of relief, plaintiff seeks, inter alia, an order from this Court to "enjoin the city marshal's office from executing an eviction warrant in violation of a pending bankruptcy petition of chapter 13." (Mem. ¶ 2.)

**Standard of Review**

As plaintiff is proceeding pro se, her complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89 (2007), and the Court is obliged to construe her pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,'

such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, the party filing a federal lawsuit "bears the burden of establishing that jurisdiction exists" over her complaint. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotation marks omitted). If subject matter jurisdiction is lacking, the action must be dismissed. Id.; Fed. R. Civ. P. 12(h)(3). Lack of subject matter jurisdiction is a defense that cannot be waived and the issue of jurisdiction may be raised at any time by any party or by the court sua sponte. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).

## Discussion

Federal courts are courts of limited jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id.

Here, the facts do not support a pleading of diversity jurisdiction pursuant to 28 U.S.C. § 1332, as defendant is alleged to reside in the same city as plaintiff.

The Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quoting Ex parte Poresky, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327U.S. 678, 681-85 (1946)).

3

A claim invoking federal-question jurisdiction, however, "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10 (quoting Bell, 327 U.S. at 682-83); see also, e.g., Kheyn v. City of New York, Nos. 10 CV 3233, 10 CV 3234, 2010 WL 3034652 (E.D.N.Y. Aug. 2, 2010) (dismissing pro se complaint for lack of subject matter jurisdiction).

Even construing the complaint liberally in favor of plaintiff, the Court must dismiss this action. The only claims expressly pleaded against defendant—fraud and unjust enrichment, as well as a state statutory claim—do not present a federal question.[1]

To the extent that plaintiff is seeking to enforce the bankruptcy court's stay, plaintiff must raise that claim in the bankruptcy court. See Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank, 236 F.3d 117, 121 (2d Cir. 2001) ("a claim [for violation of the automatic stay] *must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases."); Clark v. Bloomberg, No. 10 CV 1263, 2010 WL 1438803, at *3 (E.D.N.Y. Apr. 12, 2010).

---

[1] To the extent that plaintiff has attempted to assert a violation of 42 U.S.C. § 1983, her complaint fails to state a claim. Here, plaintiff names Jennifer Walters, a private individual, as a defendant. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Although the under-color-of-state-law requirement can be applied to private individuals in certain limited circumstances, such as where the private individual is engaged in a "public function," Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974), or performs conduct that is "fairly attributable to the state," American Mfrs. Mut. Ins Co v. Sullivan., 526 U.S. 40, 51 (1999), these exceptions are narrow.

Here, plaintiff fails to allege that defendant is a state actor, and moreover, there is no indication that defendant falls into any of the exceptions enumerated earlier. Accordingly, any § 1983 claim fails to state a claim upon which relief may be granted.

Moreover, to the extent that plaintiff is asking the Court to do so, this Court cannot review the state family court's decision to order plaintiff's eviction. See Done v. Wells Fargo Bank, N.A., No. 08 CV 3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009); Torres v. City of New York, No. 09 CV 1894, 2009 WL 1346396 (E.D.N.Y. May 13, 2009); Feinstein v. The Chase Manhattan Bank, No. 06 CV 1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 05, 2006); Trang v. Concris Realty Co., No. 05 CV 5441, 2005 WL 1398004 (E.D.N.Y. June 14, 2005).

## Conclusion

Plaintiff's complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Chief Judge Carol Bagley Amon

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
May 6, 2011